IN THE DISTRICT COURT IN AND FOR
THE DISTRICT OF NEW HAMPSHIRE

DIANNE ELDRIDGE, and
LARRY ELDRIDGE,

      Plaintiffs,                              Case No.

vs.

SYNERGETIC COMMUNICATION, INC.,
and SANTANDER CONSUMER USA INC.,

      Defendants.
_____/

## PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, N.H. Rev. Stat. Ann. § 358-C:3(I)(a), N.H. Rev. Stat. Ann. § 358-C:4(VI), and N.H. Rev. Stat. Ann. § 358-C.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendants transact business in this district.

### PARTIES

4.      Plaintiffs, Dianne Eldridge ("Ms. Eldridge") and Larry Eldridge ("Mr. Eldridge") (collectively "Plaintiffs"), are natural persons who at all relevant times resided in the State of New Hampshire, County of Carroll, and City of Center Ossipee.

5.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) and N.H. Rev. Stat. Ann § 358-C:1(I) and "debtors" as defined by N.H. Rev. Stat. Ann. § 358-C:1(VII).

6.      Defendant, Synergetic Communication, Inc. ("Synergetic") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5), and as a result of a "consumer transaction" as defined by N.H. Rev. Stat. Ann. § 358-C:1(III).

7.      Defendant, Synergetic Communication, Inc., is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and N.H. Rev. Stat. Ann. § 358-C:1(VIII), and "persons" as defined by N.H. Rev. Stat. Ann. § 358-C:1(X).

8.      Defendant, Santander Consumer USA Inc., ("Santander") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiffs.

9.      Santander is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and N.H. Rev. Stat. Ann. § 358-C:1(VIII), and "persons" as defined by N.H. Rev. Stat. Ann. § 358-C:1(X).

## FACTUAL ALLEGATIONS

10.     Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Synergetic.

11.     Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Synergetic, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.     Synergetic uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     Santander purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14.     Santander acquired Plaintiffs' debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15.     Santander is thoroughly enmeshed in the debt collection business, and Santander is a significant participant in Synergetic's debt collection process.

16.     Santander hired Commercial Recovery Systems ("Commercial") to collect an alleged debt from Plaintiffs.

17.     As a result, Plaintiffs agreed to make monthly payments of $25.00 to Commercial, including checks dated December 3, 2011 and January 3, 2012.

18.     After Commercial's receipt of Plaintiffs' December 3, 2011 payment, but prior to receipt of Plaintiffs' January 3, 2012 payment, Santander recalled the alleged debt from Commercial and assigned the alleged debt to Synergetic to collect the alleged debt from Plaintiff, on its behalf.

19.     In connection with collection of an alleged debt in default, Synergetic, itself and on behalf of Santander, sent Plaintiffs its initial written correspondence dated January 2, 2012, and in such communication, provided the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq.

20.     In connection with collection of an alleged debt in default, on January 5, 2012, Synergetic, itself and on behalf of Santander, called Mr. Eldridge at his place of employment on no fewer than two occasions, but was unsuccessful in reaching Mr. Eldridge.

21.     In connection with collection of an alleged debt in default, on January 5, 2012 at approximately 4:30 P.M., Synergetic's agent and/or employee "Jarvis Henry," on behalf of Synergetic and Santander, called Plaintiffs' residential telephone.

22.     Upon Ms. Eldridge's answering the call, "Jarvis Henry" failed to disclose that he was calling on behalf of Synergetic, leading Ms. Eldridge to believe that he was calling on behalf of Commercial.

23.     During such conversation, "Jarvis Henry" asserted that Plaintiffs had failed to make any payments since November 2011.

24.     In response, Ms. Eldridge advised "Jarvis Henry" that she had bank statements proving Plaintiffs' December 3, 2011 $25.00 check made payable to Commercial Recovery Systems had been cashed.

25.     Only then did "Jarvis Henry" disclose that he was not calling on behalf of Commercial, but rather on behalf of Synergetic.

26.     Again, "Jarvis Henry" asserted that no payment had been made since November 2011, falsely representing the character, amount, or legal status of Plaintiffs' alleged debt.

27.     Further, "Jarvis Henry" threatened Plaintiffs with court proceedings if they did not immediately remit payment, falsely representing the level of attorney involvement in the collections process and falsely threatening to take an action that could not legally be taken or was not intended to be taken at that time.

28.     The statements make by "Jarvis Henry" created a false sense of urgency, and under the stress and fear of being sued, Ms. Eldridge provided "Jarvis Henry" with checking account number at that time and agreed to provide Synergetic with post-dated checks.

29.     Additionally, during the telephone conversation of January 5, 2012, Plaintiffs advised that Mr. Eldridge could not receive telephone calls at his place of employment because such calls are not permitted.

30.     Further, Plaintiffs advised that Mr. Eldridge is hard of hearing and, as a result, his co-workers answer the phone making such calls embarrassing.

31.     Thus, Plaintiffs demanded that Synergetic immediately cease and desist placing calls to Mr. Eldridge's place of employment.

32.     On January 6, 2012, Ms. Eldridge closed her checking account, after realizing that providing it to Synergetic was a mistake, and was only done under the stress of the conversation on January 5, 2012.

33.     Subsequently, Plaintiffs received a letter from Commercial, advising that the account had been recalled by Santander and returning the January 3, 2012 payment.

34.     On January 28, 2012, Ms. Eldridge telephoned Synergetic, specifically "Jarvis Henry," and demanded that Synergetic not deposit Plaintiffs' post-dated check for January 31, 2012 as a result of additional costs incurred after recently learning that Ms. Eldridge's mother was terminally ill.

35.     During the January 28, 2012 conversation, "Jarvis Henry" asserted that the previous settlement offer was a "one time offer" and that Synergetic would require the full debt to be paid, plus attorneys' fees.

36.     This statement by "Jarvis Henry" again falsely represented the level of attorney involvement in the collections process and falsely threatened an action that could not legally be taken or was not intended to be taken at that time.

37.     Additionally, by asserting the Synergetic was entitled to attorneys' fees, "Jarvis Henry" falsely represented the character, amount, or legal status of Plaintiffs' alleged debt because no judgment had been entered against Plaintiffs. *See Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003) (Since Veach cannot be held liable for treble damages, court costs, or attorney's fees until there has been a judgment by a court, they cannot be part of the "remaining principal balance" of a claimed debt.")

38.     Despite having been previously notified that Mr. Eldridge cannot receive calls at his place of employment, in connection with collection of an alleged debt in default, Synergetic's agent and/or employee "Jarvis Henry," on behalf of Synergetic and Santander, called Mr. Eldridge at his place of employment including, but not limited to, calls placed on January 8, 2012, January 30, 2012, January 31, 2012, February 21, 2012, February 22, 2012, and February 24, 2012.

39.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior, Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

### COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692c(a)(3)
### DEFENDANT SYNERGETIC

40.     Plaintiffs repeat and re-allege each and every allegation contained above.

41.     Synergetic violated 15 U.S.C. § 1692c(a)(3) by repeatedly contacting Mr.

Eldridge at his place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

42.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Synergetic violated 15 U.S.C. § 1692c(a)(3);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692c(a)(3)**
**DEFENDANT SANTANDER**

43.     Plaintiffs repeat and re-allege each and every allegation contained above.

44.     Synergetic violated 15 U.S.C. § 1692c(a)(3) by repeatedly contacting Mr. Eldridge at his place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

45.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Santander violated 15 U.S.C. § 1692c(a)(3);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(2)(A)**
**DEFENDANT SYNERGETIC**

46.     Plaintiffs repeat and re-allege each and every allegation contained above.

47.     Synergetic violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' alleged debt when representing that Plaintiffs had not made a payment since November 2011 and asserting that Synergetic was entitled to collect attorneys' fees despite the fact that no judgment had been entered against Plaintiffs.

48.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Synergetic violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(2)(A)**
**DEFENDANT SANTANDER**

49.     Plaintiffs repeat and re-allege each and every allegation contained above.

50.     Synergetic violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' alleged debt when representing that Plaintiffs had not made a payment since November 2011 and asserting that Synergetic was entitled to collect attorneys' fees despite the fact that no judgment had been entered against Plaintiffs.

51.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Santander violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(3)**
**DEFENDANT SYNERGETIC**

52.    Plaintiffs repeat and re-allege each and every allegation contained above.

53.    Synergetic violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process when falsely representing that Synergetic would initiate legal proceedings if Plaintiffs did not immediately remit payment and when falsely representing that Synergetic was entitled to attorneys' fees despite the fact that no judgment had been entered against Plaintiffs.

54.    Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Synergetic violated 15 U.S.C. § 1692e(3);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(3)**
**DEFENDANT SANTANDER**

55.     Plaintiffs repeat and re-allege each and every allegation contained above.

56.     Synergetic violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process when falsely representing that Synergetic would initiate legal proceedings if Plaintiffs did not immediately remit payment and when falsely representing that Synergetic was entitled to attorneys' fees despite the fact that no judgment had been entered against Plaintiffs.

57.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Santander violated 15 U.S.C. § 1692e(3);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(5)**
**DEFENDANT SYNERGETIC**

58.     Plaintiffs repeat and re-allege each and every allegation contained above.

59.     Synergetic violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiffs that cannot be legally taken or that was not actually intended to be taken, including, but not limited to, threatening to file a lawsuit against Plaintiffs.

60.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Synergetic violated 15 U.S.C. § 1692e(5);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(5)**
**DEFENDANT SANTANDER**

61.     Plaintiffs repeat and re-allege each and every allegation contained above.

62.     Synergetic violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiffs that cannot be legally taken or that was not actually intended to be taken, including, but

not limited to, threatening to file a lawsuit against Plaintiffs.

63.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Santander violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(10)**
**DEFENDANT SYNERGETIC**

64.     Plaintiffs repeat and re-allege each and every allegation contained above.

65.     Synergetic violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs, which included but was not limited to: misrepresenting that no payment had been made since November, 2011, when in fact payment was made by Plaintiffs in December, 2011, falsely representing that Synergetic was entitled to attorneys' fees despite the fact that no judgment had been entered against Plaintiffs, and falsely or deceptively leading Plaintiffs to believe January 5, 2011 telephone call at approximately 4:30 P.M. was from Commercial.

66.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Synergetic violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT X**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(10)**
**DEFENDANT SANTANDER**

67.     Plaintiffs repeat and re-allege each and every allegation contained above.

68.     Synergetic violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs, which included but was not limited to: misrepresenting that no payment had been made since November, 2011, when in fact payment was made by Plaintiffs in December, 2011, falsely representing that Synergetic was entitled to attorneys' fees despite the fact that no judgment had been entered against Plaintiffs, and falsely or deceptively leading Plaintiffs to believe January 5, 2011 telephone call at approximately 4:30 P.M. was from Commercial.

69.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable

for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Santander violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XI**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(10)**
**DEFENDANT SYNERGETIC**

70.    Plaintiffs repeat and re-allege each and every allegation contained above.

71.    Synergetic violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency for the purpose of compelling Plaintiffs to communicate with Defendants when threatening that a lawsuit would be filed if Plaintiffs did not immediately remit payment, representing that its settlement offer was a one time only offer, and representing that Plaintiffs would be liable for attorneys' fees.

72.    Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Synergetic violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(10)
### DEFENDANT SANTANDER

73.     Plaintiffs repeat and re-allege each and every allegation contained above.

74.     Synergetic violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency for the purpose of compelling Plaintiffs to communicate with Defendants when threatening that a lawsuit would be filed if Plaintiffs did not immediately remit payment, representing that its settlement offer was a one time only offer, and representing that Plaintiffs would be liable for attorneys' fees.

75.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Santander violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692d(6)
## DEFENDANT SYNERGETIC

76.   Plaintiffs repeat and re-allege each and every allegation contained above.

77.   Synergetic violated 15 U.S.C. § 1692d(6) by failing to meaningfully disclose the caller's identity in the January 5, 2011 telephone call at approximately 4:30 P.M. when leading Plaintiffs to believe that the call was placed by Commercial, rather than Synergetic.

78.   Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Synergetic violated 15 U.S.C. § 1692d(6);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIV**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692d(6)**
**DEFENDANT SANTANDER**

79.     Plaintiffs repeat and re-allege each and every allegation contained above.

80.     Synergetic violated 15 U.S.C. § 1692d(6) by failing to meaningfully disclose the caller's identity in the January 5, 2011 telephone call at approximately 4:30 P.M. when leading Plaintiffs to believe that the call was placed by Commercial, rather than Synergetic.

81.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)    Adjudging that Santander violated 15 U.S.C. § 1692d(6);

b)    Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)    Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)    Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)    Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)    Awarding such other and further relief as the Court may deem just and proper.

**COUNT XV**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692g(b)**
**DEFENDANT SYNERGETIC**

82.     Plaintiffs repeat and re-allege each and every allegation contained above.

83.     Synergetic violated 15 U.S.C. § 1692g(b) by overshadowing or contradicting the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq. when, during the January 5, 2011

telephone conversation, representing that legal proceedings would be commenced against Plaintiffs if they failed to immediately remit payment.

84.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Synergetic violated 15 U.S.C. § 1692g(b);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XVI**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692g(b)**
**DEFENDANT SANTANDER**

85.     Plaintiffs repeat and re-allege each and every allegation contained above.

86.     Synergetic violated 15 U.S.C. § 1692g(b) by overshadowing or contradicting the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq. when, during the January 5, 2011 telephone conversation, representing that legal proceedings would be commenced against Plaintiffs if they failed to immediately remit payment.

87.     Santander, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on

its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Santander violated 15 U.S.C. § 1692g(b);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT XVII
## VIOLATION OF N.H. REV. STAT. ANN. § 358-C:3(I)(a)
## DEFENDANT SYNERGETIC

88.     Plaintiffs repeat and re-allege each and every allegation contained above.

89.     Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(I)(a) by repeatedly contacting Mr. Eldridge at his place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

90.     Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(I)(a);

b)   Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

   c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

   d) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XVIII**
**VIOLATION OF N.H. REV. STAT. ANN. § 358-C:3(I)(a)**
**DEFENDANT SANTANDER**

91.    Plaintiffs repeat and re-allege each and every allegation contained above.

92.    Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(I)(a) by repeatedly contacting Mr. Eldridge at his place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

93.    Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Santander violated N.H. Rev. Stat. Ann. § 358-C:3(I)(a);

   b) Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

   c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

   d) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIX**
**VIOLATION OF N.H. REV. STAT. ANN. § 358-C:3(I)(c)**
**DEFENDANT SYNERGETIC**

94.     Plaintiffs repeat and re-allege each and every allegation contained above.

95.     Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(I)(c) by repeatedly contacting Mr. Eldridge at his place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

96.     Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(I)(c);

b)  Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

d)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

e)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT XX**
**VIOLATION OF N.H. REV. STAT. ANN. § 358-C:3(I)(c)**
**DEFENDANT SANTANDER**

97.     Plaintiffs repeat and re-allege each and every allegation contained above.

98.     Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(I)(c) by repeatedly contacting Mr. Eldridge at his place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

99.     Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Santander violated N.H. Rev. Stat. Ann. § 358-C:3(I)(c);

b)  Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

d)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

e)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT XXI**
**VIOLATION OF N.H. REV. STAT. ANN. § 358-C:3(I)(e)**
**DEFENDANT SYNERGETIC**

100.    Plaintiffs repeat and re-allege each and every allegation contained above.

101.    Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(I)(e) by failing to meaningfully disclose the caller's identity in the January 5, 2011 telephone call at approximately 4:30 P.M. when leading Plaintiffs to believe that the call was placed by Commercial, rather than Synergetic.

102.    Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

f)  Adjudging that Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(I)(e);

g) Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

h) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

i) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

j) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XXII**
**VIOLATION OF N.H. REV. STAT. ANN. § 358-C:3(I)(e)**
**DEFENDANT SANTANDER**

103.    Plaintiffs repeat and re-allege each and every allegation contained above.

104.    Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(I)(e) by failing to meaningfully disclose the caller's identity in the January 5, 2011 telephone call at approximately 4:30 P.M. when leading Plaintiffs to believe that the call was placed by Commercial, rather than Synergetic.

105.    Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Santander violated N.H. Rev. Stat. Ann. § 358-C:3(I)(e);

b) Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

d) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XXIII
## VIOLATION OF N.H. REV. STAT. ANN. § 358-C:3(VII)
## DEFENDANT SYNERGETIC

106.    Plaintiffs repeat and re-allege each and every allegation contained above.

107.    Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(VII) through the material false representation or implication of the character, extent or amount of the debt, or of its status in any legal proceeding when representing that Plaintiffs had not made a payment since November 2011 and asserting that Synergetic was entitled to collect attorneys' fees despite the fact that no judgment had been entered against Plaintiffs.

108.    Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(VII);

b) Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

d) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XXIV
## VIOLATION OF N.H. REV. STAT. ANN. § 358-C:3(VII)
## DEFENDANT SANTANDER

109.    Plaintiffs repeat and re-allege each and every allegation contained above.

110.    Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(VII) through the material false representation or implication of the character, extent or amount of the debt, or of its status in any legal proceeding when representing that Plaintiffs had not made a payment since November 2011 and asserting that Synergetic was entitled to collect attorneys' fees despite the fact that no judgment had been entered against Plaintiffs.

111.    Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Santander violated N.H. Rev. Stat. Ann. § 358-C:3(VII);

b)  Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

d)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

e)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT XXV**
**VIOLATION OF N.H. REV. STAT. ANN. § 358-C:3(VIII)**
**DEFENDANT SYNERGETIC**

112.    Plaintiffs repeat and re-allege each and every allegation contained above.

113.    Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(VIII) by representing that the alleged may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not be legally added to the existing obligation.

114.    In the alternative, Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(IX) by representing that an existing obligation will definitely be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when the award of such fee or charge is discretionary by a court of law.

115.    In the alternative, Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(IX) by collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal obligation not expressly authorized by the agreement creating the obligation and legally chargeable to Plaintiffs.

116.    Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)    Adjudging that Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(VIII);

b)    Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c)    Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

d)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

e)   Awarding such other and further relief as the Court may deem just and proper.

### COUNT XXVI
### VIOLATION OF N.H. REV. STAT. ANN. § 358-C:3(VIII)
### DEFENDANT SANTANDER

117.   Plaintiffs repeat and re-allege each and every allegation contained above.

118.   Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(VIII) by representing that the alleged may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not be legally added to the existing obligation.

119.   In the alternative, Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(IX) by representing that an existing obligation will definitely be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when the award of such fee or charge is discretionary by a court of law.

120.   In the alternative, Synergetic violated N.H. Rev. Stat. Ann. § 358-C:3(IX) by collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal obligation not expressly authorized by the agreement creating the obligation and legally chargeable to Plaintiffs.

121.   Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Santander violated N.H. Rev. Stat. Ann. § 358-C:3(VIII);

b)   Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

d)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

e)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XXVII**
**VIOLATION OF N.H. REV. STAT. ANN. § 358-C:4(VI)**
**DEFENDANT SYNERGETIC**

122.   Plaintiffs repeat and re-allege each and every allegation contained above.

123.   N.H. Rev. Stat. Ann. § 358-C:4(VI) provides that "[a]ny violation of the provisions of this chapter shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 . . . ."

124.   Synergetic violated N.H. Rev. Stat. Ann. § 358-C by employing unfair, deceptive or unreasonable collection practices in attempting to collect an alleged debt from the Plaintiff, as detailed above.

125.   Synergetic acted intentionally, knowingly, or willfully.

126.   Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Synergetic violated N.H. Rev. Stat. Ann. § 358-C:4(VI);

b)   Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

d)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

e)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XXVIII
## VIOLATION OF N.H. REV. STAT. ANN. § 358-C:4(VI)
## DEFENDANT SANTANDER

127.  Plaintiffs repeat and re-allege each and every allegation contained above.

128.  N.H. Rev. Stat. Ann. § 358-C:4(VI) provides that "[a]ny violation of the provisions of this chapter shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 . . . ."

129.  Synergetic violated N.H. Rev. Stat. Ann. § 358-C by employing unfair, deceptive or unreasonable collection practices in attempting to collect an alleged debt from the Plaintiff, as detailed above.

130.  Synergetic acted intentionally, knowingly, or willfully.

131.  Santander, by virtue of its status as a "debt collector," is liable for actions of Synergetic, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Santander violated N.H. Rev. Stat. Ann. § 358-C:4(VI);

b)  Awarding Plaintiffs statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00 per Defendant per violation;

c)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

d)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

e)  Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

132.     Plaintiffs are entitled to, and hereby demand, a trial by jury on all counts.

Respectfully submitted this 30th day of May, 2012.

Respectfully submitted,
**Dianne Eldridge and Larry Eldridge**

By: /s/ John F. Skinner III
Atty. John F. Skinner III
NHBN: 19886
Skinner Law PLLC
ATTORNEYS FOR PLAINTIFF
530 Chestnut Street, 3rd Floor
Manchester, NH 03101
(603) 391-5668
(888) 912-1497 fax
JSkinner@AttorneysForConsumers.com

*Co-counsel with Weisberg & Meyers, LLC*

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@AttorneysForConsumers.com